# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JEROME PETE SMITH,                                                    PLAINTIFF

V.                                                          NO. 3:06CV139-D-D

MISSISSIPPI STATE PAROLE BOARD, et al.,                              DEFENDANTS

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Marshall County Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is seeking only equitable relief and injunctive relief.

Plaintiff states that he has been up for parole and twice denied after meeting the Board's suggestions for release. It is unclear from his complaint exactly what relief Plaintiff is requesting. Since his complaint only concerns the Parole Board's decision the court assumes that Plaintiff is seeking release or at least to be granted parole.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Foremost, it is well settled that the parole statues in Mississippi confer absolute discretion on the parole board and therefore afford a prisoner no constitutionally protected liberty interest in parole prior to release. *See* Miss. Code Ann. §§ 47-7-1 *et seq.*; *Scales v. Miss. State Parole Bd.*, 831 F.2d 565 (5th Cir. 1987). Thus, to the extent Plaintiff's complaint is based upon the Board's denial of parole, he has not state a claim for relief under § 1983.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label

he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A prisoner cannot use § 1983 to obtain relief where success would necessarily demonstrate the invalidity of his confinement. *Wilkinson v. Dotson*, 125 S.Ct. 1242, 1243 (2005). Since the court has not considered the merits of Plaintiff's complaint and consistent with *Heck*, dismissal should be without prejudice.

Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that plaintiff has exhausted state court remedies. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)). Until plaintiff does this he is ineligible to pursue habeas corpus relief in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 14th day of December, 2006.

/s/ Glen H. Davidson
Chief Judge